UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x
TROY DANIELS,                                                                                  21 CV 2284
                                                                                                            WFK-VMS
                PLAINTIFF,
                                                                                                            **THIRD**
                                                                                                            **AMENDED**
   -AGAINST-                                                                          **COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICER VANESSO
JOSEPH, POLICE OFFICER JONATHAN ARIAS,
LIEUTENANT HENRY DAVERIN, CAPTAIN MICHAEL
SAMBRISKI, AND SERGEANT ALVIN LAW.                                      JURY TRIAL
                                                                                                            DEMANDED
                DEFENDANTS.
-----------------------------------------------------------------------------x

      Plaintiff, Troy Daniels, by his attorney, Robin C. Smith Esq., to this verified complaint alleges as follows:

**PRELIMINARY STATEMENT**

    1. This is a civil rights action in which Plaintiff seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

    2. On August 11, 2019, Police Officers Joseph, Arias and Lt. Henry Daverin arrested Plaintiff without probable cause, used excessive force on Plaintiff and held Plaintiff for an excessive period of time. Plaintiff was subjected to an unlawful strip search. Sgt. Alvin Law and Capt. Sambriski approved the false arrest of plaintiff which was unsupported by probable cause of the commission of any crime.

**JURISDICTION**

    3. Jurisdiction is conferred upon this court by 28 U.S.C. § 1343 (3) and (4), which provides for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. §

1983, which provides jurisdiction over all cases brought pursuant to the Constitution of the United States.

## PARTIES

4. During all times relevant to this action, Plaintiff was and is a resident of the County of Kings, City and State of New York, residing at 797 Vermont Street, Brooklyn, New York 11207.

5. During all times relevant to this action, Police Officers Joseph, Arias, Lt. Daverin, Sgt. Law and Capt. Sambriski were duly appointed and acting officers of the Police Department of the City of New York, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

6. During all times relevant to this action, Defendant City of New York is the public employer of Police Officers Joseph, Arias, Lt. Daverin, Sgt. Law, and Capt. Sambriski.

7. At all times relevant to this action, Defendant City of New York operates the New York Police Department.

## FACTS

8. On August 11, 2019, at approximately 11:00 p.m. outside of 131 Monroe Street, Brooklyn, New York, Police Officers Joseph, Arias, and Lt. Daverin arrested Plaintiff.

9. Prior to Plaintiff's arrest, Plaintiff was talking to his cousin and did not see officers approaching him. Officers Joseph, Arias and Lt. Daverin tackled Plaintiff forcefully from behind into a gate, causing Plaintiff to hit the back of his head on the gate.

10. As a result of being tacked into the gate, Plaintiff sustained cuts on the back of his neck, his arms and on his back.

11. No one announced themselves as law enforcement, the officers were not in uniform and did not display their badges.

12. Plaintiff stood up from of the floor and questioned the officer about why he tackled him, and the officer told Plaintiff to "shut the fuck up and turn around."

13. Plaintiff asked, "what are you doing?" and the officer responded, "you're about to get locked up." When Plaintiff asked why he was being arrested, the officer did not respond to the question but cursed at him and called Plaintiff racial slurs such as "black nigger."

14. Plaintiff was incarcerated for approximately twenty-four hours. He was released on his own recognizance.

15. Plaintiff's case was dismissed in or about November 13, 2019.

16. Sgt. Alvin Law and Capt. Sambriski approved the false arrest of plaintiff which was unsupported by probable cause.

17. Without probable cause and without any legal right, Police Officers Joseph, Arias, Lt. Daverin, Sgt. Law, and Capt. Sambriski, while acting within the scope of their authority, intentionally, wrongfully, unlawfully and maliciously held Plaintiff against his will while he was aware of the confinement for approximately 24 hours.

18. Plaintiff's fingerprints and photographs of Plaintiff were taken at the Precinct.

19. Plaintiff was strip searched at the Precinct.

20. As a result of the violation of his Constitutional Rights, Plaintiff suffered from and suffers from physical, economic and emotional injuries.

**FIRST CAUSE OF ACTION FOR FALSE ARREST AND UNLAWFUL IMPRISONMENT PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT CITY OF NEW YORK AND POLICE OFFICERS JOSEPH, ARIAS, LT. DAVERIN, SGT. LAW, AND CAPT. SAMBRISKI.**

21. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 20.

22. Police Officers Joseph, Arias, and Lt. Daverin had no probable cause, nor reasonable belief that probable cause existed to arrest Plaintiff and seize Plaintiff's person.

23. Police Officers Joseph, Arias, and Lt. Daverin intentionally confined plaintiff for a period of approximately 24 hours without Plaintiff's consent, while Plaintiff was conscious of the confinement, without the privilege, right or just cause. Sgt. Law and Capt. Sambriski approved the false arrest of plaintiff which was unsupported by probable cause.

24. Police Officers Joseph, Arias, and Lt. Daverin, in arresting and detaining Plaintiff, and Sgt. Law and Capt. Sambriski in approving the false arrest of plaintiff without probable cause, nor reasonable belief that probable cause existed, abused their power and authority as employees of the City of New York and under the color of state and/or local law.

25. Police Officers Joseph, Arias, and Lt. Daverin, in arresting and detaining Plaintiff, and Sgt. Law and Capt. Sambriski, in approving the arrest and detention of Plaintiff without probable cause, nor reasonable belief that probable cause existed, abused their power and authority as employees of the City of New York and under the color of state and/or local law.

26. Upon information and belief, it was the deliberate choice, policy and custom of Defendant City of New York to fail to adequately supervise and train its police officers, including Police Officers Joseph, Arias, Lt. Daverin, Sgt. Law, and Capt. Sambriski in a manner to discourage unlawful arrests, causing Police Officers Joseph, Arias, and Lt. Daverin to arrest Plaintiff without probable cause nor reasonable belief that probable cause existed.

27. Upon information and belief, it was the deliberate choice, policy and custom of Defendant City of New York to fail to adequately supervise and train its police officers, including Police Officers Joseph, Arias, Lt. Daverin, Sgt. Law, and Capt. Sambriski, in a manner to discourage unlawful imprisonment, causing Police Officers Joseph, Arias, Lt. Daverin, Sgt. Law and Capt. Sambriski to unlawfully detain Plaintiff for approximately 24 hours.

28. As a result of the above-described deliberate choices, policies and customs, police officers employed by City of New York, including Police Officers Joseph, Arias, Lt. Daverin, Sgt. Law, and Capt. Sambriski believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

29. The above-described deliberate choices, policies and customs demonstrated a deliberate indifference on the part of the policy makers of the Defendant City of New York to the constitutional rights of persons residing and doing business within the City of New York and were the cause of violations of Plaintiff's rights alleged herein.

30. By reason of their acts and omissions, Defendants Joseph, Arias, Lt. Daverin, Sgt. Law and Capt. Sambriski, acting under color of state law and within the scope of their

authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unreasonable seizure in violation of the Fourth and Fourteenth Amendments of United States Constitution.

31. As a result of the Defendants conduct, Plaintiff suffered deprivation of liberty and privacy, has been adversely affected in employment and in ordinary life's pursuits and, in addition, was emotionally traumatized and was caused, permitted and allowed to fear for his physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries, all of which may be permanent and have caused diminution in the quality of Plaintiff's life.

32. In addition, the acts of the Defendants Joseph, Arias, Lt. Daverin, Sgt. Law, Capt. Sambriski, and City of New York were so egregious and reprehensible and were performed in a manner which so violates the law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all the damages inflicted to the Plaintiff and, in addition to all of the measures of relief to which Plaintiff may properly be entitled herein, Defendants Joseph, Arias, Lt. Daverin, Sgt. Law, Capt. Sambriski, and City of New York should also be required to pay punitive damages to punish them for their reprehensible conduct and to deter them from such conduct in the future, and as an example to others similarly situated.

33. Plaintiff, therefore, pursuant to 42 U.S.C. § 1983, seeks compensatory damages in this cause of action for pain and suffering for the emotional harm inflicted to Plaintiff in the sum of Five Hundred Thousand ($500,000.00) Dollars and the additional and further sum of Five Hundred Thousand ($500,000.00) for punitive damages making a total of

One Million ($1,000,000.00) Dollars, as well as attorney's fees and all other damages available under the statute upon which this cause of action is predicated.

### SECOND CAUSE OF ACTION FOR UNLAWFUL STRIP SEARCH IN VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANTS CITY OF NEW YORK AND JANE DOE/JOHN DOE

34. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 33.

35. Police Officer Doe had no individualized reasonable suspicion of concealed weapons or contraband to justify strip-searching Plaintiff.

36. Police Officer Doe intentionally, without right, privilege or just cause strip-searched Plaintiff.

37. Police Officer Doe's action of strip-searching Plaintiff without just cause, nor reasonable belief that just cause existed, abused his/her power and authority as an employee of the City of New York and under the color of state and/or local law.

38. Upon information and belief, it was the deliberate choice, policy and custom of Defendant City of New York to fail to adequately supervise and train its police officers, including Police Officer Doe, in a manner to discourage unlawful strip searches, thereby failing to adequately discourage further constitutional violations committed by police officers, causing Plaintiff to be strip-searched.

39. As a result of the above described deliberate choices, policies and customs, police officers employed by Defendant City of New York, including Police Officer Doe, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

40. The above described deliberate choices, policies and customs demonstrated a deliberate indifference on the part of the policy makers of the City of New York to the constitutional rights of arrestees and were the cause of violations of Plaintiff's rights alleged herein.

41. By reason of his/her acts and omissions, Police Officer Doe while acting under color of state law and within the scope of his/her authority, in gross and wanton disregard of Plaintiff's rights subjected Plaintiff to an unreasonable search in violation of the Fourth and Fourteenth Amendments of United States Constitution.

42. As a result of Defendant City of New York and Police Officer Doe's conduct, Plaintiff suffered emotional injury causing Plaintiff to experience emotional distress, future emotional distress, and economic injuries. All of said injuries may be permanent and all have caused diminution in the quality of Plaintiff's life.

43. As a result of Defendant City of New York acts and omissions, Plaintiff suffered deprivation of liberty and privacy, has been adversely affected in employment and in ordinary life's pursuits and, in addition, was emotionally traumatized and was caused, permitted and allowed to fear for his physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries, all of which may be permanent and have caused diminution in the quality of Plaintiff's life.

44. In addition, the acts of the Defendant City of New York were so egregious and reprehensible and were performed in a manner which so the violates law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all the damages inflicted to the Plaintiff and, in addition to all

of the measures of relief to which Plaintiff may properly be entitled herein, Defendant City of New York should also be required to pay punitive damages to punish it for its reprehensible conduct and to deter it from such conduct in the future, and as an example to others similarly situated.

45. Plaintiff, therefore, pursuant to 42 U.S.C. § 1983, seeks compensatory damages in this cause of action for past and future medical expenses, emotional distress for the emotional harm inflicted to him in the sum of Five Hundred Thousand ($500,000.00) Dollars and the additional and further sum of Five Hundred Thousand ($500,000.00) Dollars for punitive damages making a total of one million ($1,000,000.00) Dollars, as well as attorney's fees and all other damages available under the statute upon which this cause of action is predicated.

**THIRD CAUSE OF ACTION FOR EXCESSIVE FORCE AND ASSAULT AND BATTERY PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT CITY OF NEW YORK AND POLICE OFFICERS JOSEPH, ARIAS, AND LT. DAVERIN.**

46. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 45.

47. Police Officers Joseph, Arias, and Lt. Daverin while acting within the scope of their authority, without any just cause or legal right, using excessive force, tackled Plaintiff into a fence, impacting his head, causing Plaintiff to have both earrings knocked out of his ears and caused Plaintiff cuts to his neck, arms and back.

48. Police Officers Joseph, Arias, and Lt. Daverin's conduct constituted objectively unreasonable, unnecessary and excessive force.

49. Police Officers Joseph, Arias, and Lt. Daverin's intentional and objectively unreasonable, unnecessary and excessive use of force caused Plaintiff to be placed in reasonable fear of imminent harmful and offensive bodily contact.

50. Police Officers Joseph, Arias, and Lt. Daverin's conduct, in using objectively unreasonable, excessive and unnecessary force against Plaintiff, without cause or Plaintiff's consent, abused their power and authority as employees of the City of New York and under the color of state and/or local law.

51. Upon information and belief, it was the deliberate choice, policy and custom of Defendant City of New York to fail to train its police officers to avoid using excessive force and injuring arrestees, including Police Officers Joseph, Arias, and Lt. Daverin thereby failing to adequately discourage further constitutional violations committed by Police Officers, causing Police Officers Joseph, Arias, Lt. Daverin to injure Plaintiff.

52. As a result of the above-described deliberate choices, policies and customs, police officers employed by Defendant City of New York, including Police Officers Joseph, Arias, and Lt. Daverin believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

53. The above-described deliberate choices, policies and customs demonstrated a deliberate indifference on the part of the policy makers of the Defendant City of New York to the constitutional rights of persons residing within the City of New York and were the cause of violations of Plaintiff's rights alleged herein.

54. By reason of their acts and omissions, Defendants Joseph, Arias, Lt. Daverin, acting under color of state law and within the scope of their authority, in gross and

wanton disregard of Plaintiff's rights subjected Plaintiff to an unreasonable seizure in violation of the Fourth and Fourteenth Amendments of United States Constitution.

55. As a result of Defendants Joseph, Arias, Lt. Daverin, and City of New Yorks' conduct, Plaintiff suffered physical injury causing Plaintiff to experience pain and suffering, future pain and suffering, disabling physical symptoms and economic injuries. All of said injuries may be permanent and all have caused diminution in the quality of Plaintiff's life.

56. As a result of Defendants Joseph, Arias, Lt. Daverin, and City of New Yorks' conduct, Plaintiff was deprived of privacy and liberty, has been adversely affected in employment and in ordinary life's pursuits and, in addition, was emotionally traumatized and was caused, permitted and allowed to fear for his physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries, all of which have caused diminution in the quality of Plaintiff's life and may be permanent.

57. In addition, the acts of the Defendants Joseph, Arias, Lt. Daverin and City of New York were so egregious and reprehensible and were performed in a manner which so violates the law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all the damages inflicted to the Plaintiff and, in addition to all of the measures of relief to which Plaintiff may properly be entitled herein, Defendants Joseph, Arias, Lt. Daverin and City of New York should also be required to pay punitive damages to punish them for their reprehensible conduct and to deter them from such conduct in the future, and as an example to others similarly situated.

58. Plaintiff, therefore seeks compensatory damages in this cause of action for pain and suffering for the physical and emotional harm inflicted to Plaintiff in the sum of Five Hundred Thousand ($500,000.00) Dollars and the additional and further sum of Five Hundred Thousand ($500,000.00) in punitive damages, making a total of One Million ($1,000,000.00) Dollars as well as attorney's fees and all other damages available under the statute upon which this cause of action is predicated.

WHEREFORE, judgment is demanded:

On Plaintiff's First Cause Of Action against Defendants City of New York, Officers Joseph, Arias, Lt. Daverin, Sgt. Law, and Capt. Sambriski in the amount of Five Hundred Thousand ($500,000.00) Dollars for pain and suffering for the emotional harm inflicted to Plaintiff and the additional and further sum of Five Hundred Thousand ($500,000.00) for punitive damages making a total of One Million ($1,000,000.00) Dollars, as well as attorney's fees and all other damages available under the statute upon which this cause of action is predicated.;

On Plaintiff's Second Cause Of Action against Defendants Doe and the City of New York for past and future medical expenses, emotional distress for the emotional harm inflicted to him in the sum of Five Hundred Thousand ($500,000.00) Dollars and the additional and further sum of Five Hundred Thousand ($500,000.00) Dollars for punitive damages making a total of one million ($1,000,000.00) Dollars, as well as attorney's fees and all other damages available under the statute upon which this cause of action is predicated.

On Plaintiff's Third Cause Of Action against Defendants the City of New York and Officers Joseph, Arias, and Lt. Daverin for pain and suffering for the physical and

emotional harm inflicted to Plaintiff in the sum of Five Hundred Thousand ($500,000.00) Dollars and the additional and further sum of Five Hundred Thousand ($500,000.00) in punitive damages, making a total of One Million ($1,000,000.00) Dollars as well as attorney's fees and all other damages available under the statute upon which this cause of action is predicated.

Together with reasonable counsel fees, the costs and disbursements of this action and such other, further and different relief as this Court may deem just and proper.

Dated: November 18, 2021

_____
Robin C. Smith
Attorney for Plaintiff
Law Office of Robin C. Smith, Esq. P.C.
802 B Street
San Rafael, California 94901
415-726-8000